IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **STEVEN MCCLAIRN,** | ) | **CASE NO. 1:16 CV 3008** |
| | ) | |
| Plaintiff, | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **ARAMARK COMPANY,** | ) | |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Steven McClairn filed the above-captioned action against Aramark Company. In the Complaint, Plaintiff alleges Aramark was negligent in discovering and remedying the actions of an employee who harassed Plaintiff with racially demeaning language. He seeks $ 50,000.00 in damages, and an order requiring Aramark to promote anti-discrimination policies and provide training to their employees.

**Factual and Procedural Background**

Plaintiff is an inmate in the Grafton Correctional Institution ("GCI"), assigned to work in the food service area of the prison. Aramark is a corporation that provides contract food services to various organizations, including GCI. Plaintiff identifies the Food Service Coordinator at GCI as an individual named Steppenbacker. Plaintiff does not indicate whether Steppenbacker is an employee of Aramark, or an employee of GCI.

Plaintiff alleges that on December 16, 2016, Steppenbacker called him "boy." Plaintiff found that comment to be racially demeaning**,** and asked Steppenbacker to stop referring to him in that

manner. Steppenbacker did not stop and, in fact, increased his efforts by following Plaintiff around the food service area and repeatedly calling him "boy." This action was witnessed by other food service workers. Plaintiff claims he complained to an Aramark supervisor but the supervisor did not resolve the situation to Plaintiff's satisfaction. He indicates he was so emotionally distressed by the incident that he took time off from his work assignment. He also states he could not sleep or eat due to anxiety and fear. Plaintiff filed a grievance against Steppenbacker. The Institutional Inspector found it to have merit. Shortly thereafter, Steppenbacker was fired. Plaintiff claims Aramark is liable for Steppenbacker's conduct because the company was negligent in discovering and remedying Steppenbacker's actions.

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be

sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

## Discussion

Plaintiff seeks to hold Aramark responsible for Steppenbacker's actions on one occasion. Supervisory liability cannot be imposed on a theory of *respondeat superior*. *See Monell v. Department of Soc. Servs*., 436 U.S. 658, 691 (1978). Aramark can only be held liable under 42 U.S.C. § 1983 for its own wrongdoing. *Id.* An entity violates § 1983 where its official policy or custom actually serves to deprive the Plaintiff of his or her constitutional rights. *Id*. To state a claim against Aramark, Plaintiff first must establish that he was deprived of a constitutional right and second that this occurred as a result of Aramark's policy. *See Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 302 (6th Cir. 2005); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003).

As an initial matter, Plaintiff does not allege facts to suggest that his constitutional rights were violated by Steppenbacker's actions. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Eighth Amendment protects inmates by requiring that "prison officials ... ensure that inmates receive adequate food, clothing, shelter, and medical care, and ...

'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). This, however, does not mandate that a prisoner be free from discomfort or inconvenience during his or her incarceration. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (quoting *Rhodes*, 452 U.S. at 346). Prisoners are not entitled to unfettered access to the medical treatment of their choice, s*ee Hudson v. McMillian*, 503 U.S. 1, 9 (1992), nor can they "expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir. 1988); *see Thaddeus-X v. Blatter,175* F.3d 378, 405 (6th Cir. 1999). In sum, the Eighth Amendment affords the constitutional minimum protection against conditions of confinement which constitute health threats, but does not address those conditions which cause the prisoner to feel merely uncomfortable or which cause aggravation or annoyance. *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. Plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson*, 503 U.S. at 8. Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id*. A prison official violates the

-4-

Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Here, Plaintiff contends that an Aramark employee called him "boy" and persisted in doing so after Plaintiff asked him to stop. Although this behavior was highly unprofessional, verbal harassment and offensive comments do not rise to the level of an Eighth Amendment violation. *See Ivey*, 832 F.2d at 955; *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987). Plaintiff cannot claim Aramark's policy caused Steppenbacker to violate his constitutional rights.

Furthermore, Plaintiff must identify a policy or custom of Aramark which Steppenbacker followed when committing the acts in question. Plaintiff can meet this criteria by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) an official with final decision making authority ratified the illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. *Burgess v. Fisher*, 735 F.3d 462, 478 (6th Cir. 2013). To establish liability based on inadequate training or tolerance of federal rights violations, Plaintiff must allege a clear and consistent pattern of constitutional violations placing the Defendant on notice that their continued inaction would amount to deliberate indifference to the rights of others. *Slusher v. Carson*, 540 F.3d 449, 456-57 (6th Cir. 2008); *Doe v. Claiborne County*, 103 F.3d 495, 507 (6th Cir. 1996). Plaintiff does not allege Aramark had a policy or custom of allowing its employees to refer to inmates in racially derogatory terms or to harass inmates, nor does he allege an official with final decision-making authority ratified Steppenbacker's action. Instead, Plaintiff alleges Aramark was negligent in promptly discovering and remedying Steppenbacker's actions. He, however, does not allege a consistent pattern of similar incidents. Rather, this appears to have been an isolated

occurrence which resulted in the termination of Steppenbacker's employment. Plaintiff fails to allege facts suggesting Aramark's own conduct caused his injuries.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

       /s/Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: __March 7, 2017_____

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.